```
                IN THE UNITED STATES DISTRICT COURT FOR THE

                       EASTERN DISTRICT OF CALIFORNIA


SUSAN GORTHY, et al.,         )    No. CV-F-05-1052 REC LJO
                              )    ORDER GRANTING IN PART AND
              Plaintiff,      )    DENYING IN PART DEFENDANTS'
                              )    MOTION TO DISMISS AND FOR
         vs.                  )    MORE DEFINITE STATEMENT AND
                              )    DIRECTING PLAINTIFF TO FILE
CLOVIS UNIFIED SCHOOL         )    A SECOND AMENDED COMPLAINT
DISTRICT, et al.,             )    WITHIN 30 DAYS.
                              )
              Defendants.     )    (Doc. 38)
                              )
_____)
```

On January 23, 2006, the Court heard Defendants' Motion to Dismiss and for More Definite Statement (the "Motion"). Upon due consideration of the written and oral arguments of the parties and the record herein, the Court GRANTS the Motion in part and DENIES it in part as set forth herein.

**I.  Factual Background**

As alleged in Plaintiffs' First Amended Complaint ("FAC"), the facts are as follows. Plaintiff Jacob Gorthy ("Jacob"), who is now 16 years old, attended Clovis West High School ("Clovis West") where he played for the high school football team. Clovis

West is part of Clovis Unified School District ("the District"). Plaintiff Susan Gorthy ("Ms. Gorthy) is Jacob's mother.

On August 16, 2004, Jacob was 14 years old. Jacob reported to football practice at approximately 4:30 p.m. The temperature at that time was in excess of 95 degrees. Unbeknownst to Jacob, the starting time for practice had been changed from 5:00 p.m. to 4:00 p.m. Consequently, he was late for practice. When he arrived, he was instructed to perform "bear crawls." This required that he drop to his hands and crawl, using his toes and hands for balance. Defendants instructed Jacob to perform the drill on a stretch of asphalt, which had reached an extreme temperature. Plaintiff attempted to explain his reasons for being late. Defendant Assistant Football Coach Rodney Michaels ordered Jacob to continue the bear crawls. Plaintiffs allege that the Defendants[1] each forced Jacob to continue the drill.

As he continued the drill, Jacob's palms and fingertips burned and he suffered blisters. Ultimately, Jacob was instructed to cease the bear crawls. Afterward, Defendant Trina Smith, the athletic trainer, placed gauze and athletic tape over both hands. The coaching staff forced Jacob to complete practice.

Following practice, Ms. Gorthy arrived to pick up her son. She immediately took him to the emergency room. Plaintiff was

---

[1] The Defendants in this action are Russ Harding, Jim Hartigan, [First Name Unknown] Powell, Trina Smith, Bill Crawford, Carlo Prandini, Karen Sowby, and Rodney Michaels.

2

1 diagnosed with second- and third-degree burns as a result of the
2 bear crawls.
3 **II.  Procedural History**
4      On August 17, 2005, Plaintiffs filed this action.  On
5 October 7, 2005, the defendants named in that complaint filed a
6 motion to dismiss.  On November 7, 2005, Plaintiffs filed an
7 opposition brief to the motion to dismiss, along with the FAC.
8 On November 8, 2005, the Court denied the motion to dismiss as
9 moot due to the FAC.  On November 23, 2005, Defendants, along
10 with the District, which was not a defendant in the FAC, filed
11 this Motion.  On January 6, 2006, Plaintiffs filed their
12 opposition to the motion.  On January 13, 2006, Defendants filed
13 a reply brief.
14 **III. Motion to Dismiss**
15      **A.   Legal Standard**
16      Dismissal of a complaint pursuant to Rule 12(b)(6) is proper
17 if "it appears beyond doubt that the plaintiff can prove no set
18 of facts in support of his claim which would entitle him to
19 relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2
20 L. Ed. 2d 80 (1957).  In testing the sufficiency of a complaint
21 against a Rule 12(b)(6) challenge, a court must "accept all
22 material allegations in the complaint as true and construe them
23 in the light most favorable to the plaintiff."  N. Star Int'l v.
24 Ariz. Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).
25 The Court need not, however, "accept legal conclusions cast in
26 the form of factual allegations if those conclusions cannot

3

1  reasonably be drawn from the facts alleged." <u>Clegg v. Cult
2  Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994).
3       A complaint may be dismissed as a matter of law if there is
4  a lack of a cognizable legal theory or if there are insufficient
5  facts alleged under a cognizable legal theory. <u>Balistreri v.
6  Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  The
7  Court must determine whether or not it appears to a certainty
8  under existing law that no relief can be granted under any set of
9  facts that might be proved in support of a plaintiff's claims.
10 <u>De La Crux v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978), <u>cert.
11 denied</u>, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979).
12 Where the complaint fails to state a claim on which relief can be
13 granted, leave to amend "shall be freely given when justice so
14 requires."  Fed. R. Civ. P. 15(a); <u>Allen v. Beverly Hills</u>, 911
15 F.2d 367, 373 (9th Cir. 1990).

**B.   The District and Clovis West**

Defendants move to dismiss all claims against Clovis West on the grounds that it is not a separate entity subject to liability or suit.  Defendants also move to dismiss all claims against the District on Eleventh Amendment grounds.  Plaintiffs do not contend that Clovis West or the District are proper parties. Rather, Plaintiffs contend that Clovis West and the District are not defendants in this action.  3:8-11.

The FAC lists Clovis West and the District under the heading "PARTIES."  FAC at ¶ 4.  Clovis West and the District are not labeled as defendants, while the name of each of the Defendants

4

is prefaced with "The Defendant . . . ."  FAC at ¶¶ 4-12.  At oral argument, Plaintiffs' counsel stipulated that Clovis West and the District were listed as parties in the FAC solely for purposes of description.  The Court finds that Clovis West and the District are not defendants in the FAC.  Because Clovis West and the District are not defendants in the FAC, Defendants' motion to dismiss is DENIED as to those parties.

### C. Eleventh Amendment Immunity

Defendants contend that the school district employees are entitled to Eleventh Amendment Immunity "to the extent the action is based upon official action."[2]  Mot. at 12:22-23.  Sovereign immunity under the Eleventh Amendment creates a subject matter jurisdictional hurdle for plaintiffs suing state governments in federal court.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (declaring that "the principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III").  Specifically, "the Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies."  Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (citing Durning v. Citibank, N.A., 950 F.2d 1419,1422-23 (9th Cir. 1991)).  In the Ninth Circuit, public school districts

---

[2] Defendants also urge the Court to hold that the District enjoys Eleventh Amendment immunity.  Because the FAC does not include any claims against the District, the Court need not decide this issue.

5

1 qualify as state agencies in the context of Eleventh Amendment
2 immunity. See, e.g., Belanger v. Madera Unified School Dist.,
3 963 F.2d 248 (9th Cir 1992). This immunity extends to employees
4 of school districts only where they are sued in their official
5 capacities. Mitchell v. L.A. Cmty. College Dist., 861 F.2d 198,
6 201 (9th Cir. 1988); Scheuer v. Rhodes, 416 U.S. 232, 238 (1974).
7      Defendants claim that Plaintiff has sued school district
8 employees and "it is unclear as to whether they are sued solely
9 in their individual capacity or also official capacities." Mot.
10 at 12:20-21. Plaintiffs state that the FAC specifies that the
11 Defendants are sued in their individual capacities. The FAC
12 specifies that each Defendant "is sued in his [or her] individual
13 capacity." FAC at ¶¶ 5-12. Nowhere does the FAC indicate that
14 Defendants are sued in their official capacities. Accordingly,
15 Defendants are not entitled to Eleventh Amendment immunity from
16 Plaintiffs' claims.
17      Defendants argue in their reply brief that Plaintiffs cannot
18 plead around Eleventh Amendment immunity without bringing their
19 claims outside the scope of section 1983. Defendants contend
20 that state employees may not be sued in their individual
21 capacities under section 1983 because this would mean that they
22 were not acting under color of state law, as the statute
23 requires. Section 1983 provides, in relevant part,

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State . . . subjects, or causes to be
> subjected, any citizen of the United States
> or other person within the jurisdiction

6

>           thereof to the deprivation of any rights,
>           privileges, or immunities secured by the
>           Constitution and laws, shall be liable to the
>           party injured . . . ."

The Supreme Court has held that section 1983 permits a suit against a government official in his or her personal capacity. Hafer v. Melo, 502 U.S. 21, 27, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); Arizonans for Official English v. Arizona, 520 U.S. 43, 69, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) ("State officers are subject to § 1983 liability for damages in their personal capacities, however, even when the conduct in question relates to their official duties." (citing Hafer, 502 U.S. at 25-31)).  In Hafer, the defendant auditor general argued that she could not be personally liable under section 1983 for actions she took pursuant to her government duties. Id. at 27.  The Supreme Court rejected defendant's argument and held that she could be personally liable for her official actions "precisely because of her authority as auditor general." Id. at 27-28.  Plaintiffs succeed in bringing Defendants within the scope of section 1983 because they allege that Defendants acted under the color of law.

**D.   Violation of Fourth Amendment**

Defendants urge the Court to dismiss Plaintiffs' first claim for relief to the extent it seeks to recover for Fourth Amendment violations because none of the allegations in the FAC establish that Plaintiffs faced unreasonable search and seizure or excessive force at the hands of any state official.  The Fourth Amendment applies in the school environment. Doe v. Haw. Dep't

7

1  of Educ., 334 F.3d 906, 908 (9th Cir. 2003).  Specifically, the
2  Fourth Amendment governs a teacher's seizure of a student.  Id.;
3  see also Hassan v. Lubbock Indep. Sch. Dist., 55 F.3d 1075, 1079
4  (5th Cir. 1995); Wallace v. Batavia Sch. Dist., 68 F.3d 1010,
5  1012-15 (7th Cir. 1995)); Edwards v. Rees, 883 F.2d 882, 884-85
6  (10th Cir. 1989).  A school official's action that restrains a
7  student's liberty is a seizure if a reasonable person in that
8  situation would not feel free to leave.  Doe, 334 F.3d at 909
9  (holding that taping student to a tree for disciplinary purposes
10 constituted a seizure).

11     Viewing the allegations of the FAC in a light most favorable
12 to Plaintiffs, Defendants' actions amount to a seizure of Jacob
13 Gorthy.  Defendants' allegedly "harshly ordered [Jacob] to
14 perform the bear crawls."  FAC at ¶ 20.  Defendants also "forced
15 [Jacob] to continue with the drill" despite his protests
16 right to be free from unreasonable seizure.  Id.  Plaintiffs'
17 allegations establish that a reasonable person in Jacob's
18 position might not feel free to leave the asphalt until he was
19 "instructed to cease the bear crawls."  Id.  Plaintiffs have
20 successfully alleged that Defendants' actions gave Jacob the
21 impression that he had no choice but to remain on the asphalt and
22 to continue the "bear crawl" drill.  Accordingly, Defendants'
23 motion to dismiss Plaintiffs' claims for relief under the Fourth
24 Amendment is DENIED.

**E.   Violation of the Fourteenth Amendment**

Defendants claim that Plaintiffs cannot state a claim for a violation of the Fourteenth Amendment because the FAC does not allege that Defendants discriminated against Jacob Gorthy based on his membership in a protected class.  It appears that Defendants presume that Plaintiffs seek to recover under only the Equal Protection clause of the Fourteenth Amendment.  See generally Washington v. Davis, 426 U.S. 229, 96 S. Ct. 2040, 48 L. Ed. 2d 597 (1976).  It does not appear that Plaintiffs have attempted to allege an Equal Protection clause violation, at all.

Rather, Plaintiffs' claim appears to derive from the Due Process Clause of the Fourteenth Amendment, which "prohibits any state deprivation of life, liberty, or property without due process of law."  Ingraham v. Wright, 430 U.S. 651, 672, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977).  This provision gives individuals the right to be free from "state-imposed violations of bodily integrity."  Plumeau v. School Dist. # 40, 130 F.3d 432, 438 (9th Cir. 1997).  Excessive physical abuse by school employees violates this right.  Id. (citing Ingraham, 430 U.S. at 674).[3]

---

[3] The Supreme Court has held that allegations of excessive force should be analyzed under a more specific constitutional provision if one is available, rather than under generalized notions of due process.  Graham v. Connor, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).  This holding might prevent Plaintiffs from recovering under the Due Process clause if they prevail on their Fourth Amendment claims.  The Ninth Circuit has left open the possibility that a seizure-related excessive force claim is cognizable under either the Fourth or Fourteenth Amendment.  P.B. v. Koch, 96 F.3d 1298, 1303 n. 4 (9th Cir. 1996).

9

1  Plaintiffs allege that wrongful acts of defendants inflicted "severe and serious injury to his person." FAC at ¶ 28. Consequently, he has succeeded in alleging Defendants harmed his "liberty interest in avoiding corporal punishment." See Ingraham, 430 U.S. at 675. Defendants do not contend that Plaintiffs have failed to state a claim for violation of Jacob's rights under the Due Process Clause. Accordingly, Defendants' motion to dismiss Plaintiffs' Fourteenth Amendment claims is DENIED.

**F.   Second Cause of Action for Cruel and Unusual Punishment**

Defendants claim that Plaintiffs' Second Cause of Action fails because the Eighth Amendment's protections against cruel and unusual punishment apply only to prisoners, not to citizens in general. The Supreme Court has held that the Eighth Amendment is inapplicable to corporal punishment that public school teachers or administrators impose. Ingraham v. Wright, 430 U.S. 651, 671, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987) ("The eighth amendment applies to 'convicted prisoners.'"); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (pretrial detainee's treatment was not properly evaluated under the Eighth Amendment because he had not been convicted). The Court held that though "evolving standards of decency" determine whether punishments are "cruel

---

In any event, at this stage, Plaintiffs are allowed to plead mutually exclusive theories. Fed. R. Civ. P. 8(a) ("Relief in the alternative . . . may be demanded.").

10

and unusual," the limitation of the Eighth Amendment's scope to criminal punishments is inflexible. <u>Ingraham</u>, 430 U.S. at 668 n. 36.

Jacob Gorthy was not a convicted criminal when Defendants allegedly cruelly and unusually punished him.  The Eighth Amendment does not proscribe Defendants' alleged conduct. Plaintiffs do not come forward with any other basis supporting their Second Cause of Action.  The Court finds that the absence of a legal basis for this theory will make any attempts to amend this claim futile.  Accordingly, Plaintiffs' Second Cause of Action is DISMISSED WITH PREJUDICE.

**G.   The State Causes of Action**

Defendants claim that the state causes of action fail because Plaintiffs have not set forth any statutory basis for them.  Defendants point out that California Government Code section 815(a)[4] abolished common law liability for any "public entity."  Under Government Code section 811.2, "'Public entity' includes the State, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the

---

[4]California Government Code section 815 states, in relevant part, the following:

> Except as otherwise provided by statute:
>
> (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

11

State."

Plaintiffs' FAC does not contain claims against any public entities, only individuals in their individual capacities. See FAC at ¶¶ 5-12. Defendants do not contend that Plaintiffs lack a common law basis for the state claims. Accordingly, Government Code section 815(a) does not bar Plaintiffs' claims.

### H.   Ms. Gorthy's Cause of Action for IIED

Defendants argue that Plaintiff Ms. Gorthy cannot recover for intentional infliction of emotional distress ("IIED") because she did not contemporaneously observe Jacob Gorthy's injury. In support, Defendants cite <u>Thing v. La Chusa</u>, 48 Cal. 3d 644, 646-647 (1989), which dealt only with the tort of ***negligent*** infliction of emotional distress. Defendants also cite <u>Steven F. v. Anaheim Union High School Dist.</u>, 112 Cal. App. 4th 904, 917 (2003), which dealt with the liability of the school district for its negligence with respect to acts of a teacher. Neither of these cases has any bearing on Ms. Gorthy's claim for IIED.

The tort of intentional infliction of emotional distress requires:

> "'(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. . . .' Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." The defendant must have engaged in "conduct intended to inflict injury or engaged in with

12

1  the realization that injury will result."
2  Christensen v. Super. Ct., 54 Cal. 3d 868, 903 (1991) (internal
3  citations omitted).  Even if an action is intentional and
4  outrageous, it is not actionable unless it is directed at the
5  plaintiff or occurs in the presence of the plaintiff and the
6  defendant is aware that the plaintiff is present.  Id.

7  Plaintiffs claim that Ms. Gorthy came to the practice
8  location only after practice finished to pick up her son.  When
9  she arrived, Jacob had already suffered his injuries.  FAC at
10 ¶ 24.  Plaintiffs do not allege that Ms. Gorthy was present while
11 Defendants forced Jacob to perform the bear crawls.  At oral
12 argument, Plaintiffs claimed that Defendants intended to inflict
13 emotional distress on Ms. Gorthy.  They also claimed at oral
14 argument that Ms. Gorthy was present while Defendants tortiously
15 failed to render adequate medical treatment.  Defendants' latter
16 contention implies that the inadequate treatment of Jacob rose to
17 the level of extreme and outrageous conduct that can support a
18 claim for IIED.

19 In any event, the FAC does not allege facts supporting the
20 contentions Plaintiffs made at oral argument.  Without alleging
21 Ms. Gorthy's presence and Defendants' knowledge thereof, or that
22 Defendants directed their conduct at her, Ms. Gorthy cannot state
23 a claim for IIED.  Accordingly, the Third Cause of Action for
24 IIED is DISMISSED WITHOUT PREJUDICE as to Ms. Gorthy in her
25 individual capacity.

26 Plaintiffs and Plaintiffs' counsel are reminded that they

13

are subject to Rule 11 of the Federal Rules of Civil Procedure. Rule 11(b)(3) provides that by presenting a signed pleading to the court the pleader represents that the factual contentions therein "have evidentiary support" or "are likely to have evidentiary support" after reasonable discovery.  Failure to comply with Rule 11 may result in sanctions, which may include dismissal of this action and the imposition of monetary sanctions.

**IV.   Motion for a More Definite Statement**

    **A.   Legal Standard**

Rule 12(e) of the Federal Rules of Civil Procedure allows for a motion for a more definite statement if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  Motions for a more definite statement are disfavored, but are within the Court's discretion and may sometimes be appropriate.  Osborne v. County of Riverside, 385 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005). "[P]roper pleading under Rule 8 requires a pleading to contain allegations of each element of the claim.  If it does not, and if the deficiency is not so material that the pleading should be dismissed under Rule 12(b)(6), a more definite statement is appropriate."  2 Moore's Federal Practice, § 12.36[1] (Matthew Bender 3d ed.).

    **B.   Discussion**

Defendants claim the Court should require Plaintiffs to amend the FAC to address "several ambiguities."  Mot. at 18:4.

1	Defendants claim that "there is no indication in any of the
2 causes of action as to whether they are brought by one or both
3 plaintiffs."  Mot. at 18:6-7.  In the FAC, each cause of action
4 is described as "brought by SUSAN GORTHY, as Guardian Ad Litem
5 for Minor Plaintiff, JACOB GORTHY" (FAC at ¶¶ 26, 55, 63), or as
6 "brought by SUSAN GORTHY, **individually and** as Guardian Ad Litem
7 for Minor Plaintiff, JACOB GORTHY" (FAC at ¶ 45 (emphasis
8 added)).  These descriptions clearly describe whether Ms. Gorthy
9 is suing individually or only on behalf of Jacob Gorthy.
10	Defendants also contend that "there is no indication as to
11 whether any of the particular causes of action are asserted
12 against one or all of the defendants . . . ."  Mot. at 18:9-10.
13 Each cause of action in the FAC provides that it is "brought
14 . . . against all defendants."  FAC at ¶¶ 26, 34, 45, 55, 63.  No
15 ambiguity exists as to which Defendants face which causes of
16 action.
17	Defendants also claim that "[i]t is also unclear if the
18 individual defendants are sued in their individual capacities or
19 official capacities, as the first amended complaint references
20 both."  Mot. at 18:10-12.  As discussed above, the FAC clearly
21 states that each defendant is sued only in his or her "individual
22 capacity."  FAC at ¶¶ 5-12.
23	Defendants also point out that "it is unclear as to whether
24 the District is still a party hereto."  Mot. at 18:13-14.  As
25 discussed above, the District is included in the "PARTIES"
26 section but is not labeled "Defendant" as all of the Defendants

15

are.  See FAC at ¶¶ 4-12.  No ambiguity exists as to whether the FAC contains claims against the District.

Therefore, Defendants' motion for a more definite statement is DENIED.

**ACCORDINGLY**:

1. Plaintiffs' Second Cause of Action for Cruel and Unusual Punishment is DISMISSED WITH PREJUDICE.
2. Plaintiffs' Third Cause of Action for Intentional Infliction of Emotional Distress is DISMISSED WITHOUT PREJUDICE as to Ms. Gorthy in her individual capacity.
3. Defendants' Motion to Dismiss is DENIED with respect to the remainder of Plaintiffs' FAC.
4. Defendants' Motion for a More Definite statement is DENIED.
5. Plaintiff shall file a second amended complaint within 30 days of the issuance of this order.  Failure to comply will result in dismissal of the action.

IT IS SO ORDERED.

**Dated: January 27, 2006**          **/s/ Robert E. Coyle**
810ha4                            UNITED STATES DISTRICT JUDGE

16